UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **EDWARD MORRISON, as the surviving son of decedent, BETTY GATES,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. 4:24CV254 HEA ) |
| **NHC HEALTHCARE-MARYLAND HEIGHTS LLC, NATIONAL HEALTH CORPORATION, AND NATIONAL HEALTHCARE CORPORATION,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motions for more definite statement pursuant to Federal Rule of Civil Procedure 12(e). [Docs. 11, 12]. Plaintiff opposes the motions. [Doc. 20]. For the reasons set forth below, the motions will be denied.

### Background

Plaintiff brought this lawsuit against Defendants for the death of his mother who was a resident in Defendant NHC Healthcare-Maryland Heights, LLC's skilled nursing facility in Maryland Heights, Missouri. [Doc. 1]. He alleges his mother died from an avoidable pressure ulcer and infection caused by negligent medical care at that facility. For Count I, Plaintiff asserts a wrongful death claim

against all Defendants, and, for Count II, he asserts an alter ego claim against Defendant National HealthCare Corporation. He alleges the Defendants were engaged in a joint venture.

For their response to the Complaint, Defendants filed the instant motions seeking a more definite statement as to the allegations and claims made against them. [Docs. 11, 12]. Specifically, all Defendants move for a more definite statement as to the wrongful death claim in Count I, [Doc. 12], and Defendants National Health Corporation and National HealthCare Corporation move for a more definite statement as to the allegations in the Complaint against them including the joint venture allegations and the alter ego claim in Count II, [Doc. 11].

## Legal Standard

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement if "a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (internal citations omitted). "[D]ue to liberal notice pleading and the availability of extensive discovery, motions for a more definite statement

are universally disfavored." *Id.* (collecting cases).  "A motion for a more definite statement must be balanced with the requirement in Rule 8(a) of the Federal Rules of Civil Procedure that the pleading be a short and plain statement of the claim showing that the pleader is entitled to relief."  *FastTrac Transportation, LLC v. Pedigree Techs., LLC*, 618 F. Supp. 3d 858, 863–64 (D.N.D. 2022) (internal citation and quotation marks omitted).

"Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail."  *Resolution Tr. Corp. v. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993).  "[T]he only question is whether it is possible to frame a response to the pleading."  *Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015) (internal citation omitted).  Rule 12(e) motions "are not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations."  *Tinder*, 207 F. Supp. 2d at 960.

## Discussion

Although Defendants seek relief under Rule 12(e), their arguments focus on the ***sufficiency*** of the factual allegations in the Complaint.  [Docs. 11, 12, 21].  They discuss the substantive law applicable to Plaintiff's claims, Plaintiff's burden of proof, and whether he has pled enough facts to impose liability.[1]  Defendants

---

[1] For example, Defendants argue that "Plaintiff has not pleaded nearly enough to pierce the corporate veil and impose individual liability on any of these Defendants. Apart from Plaintiff's naked assertion that each of these Defendants exercised complete domain and/or control over

3

seek specificity to correct a purported lack of detail and hold Plaintiff to a higher pleading standard than required under Rule 8(a), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  They complain that the allegations in the Complaint are insufficient for them to properly defend themselves, but that does not equate to the Complaint being so vague and ambiguous as to render it unanswerable.  Overall, the issues raised and arguments made by Defendants are outside the scope of a Rule 12(e) motion.

In response, Plaintiff argues the motions should be summarily denied and points to an Order issued by the Honorable Stephen N. Limbaugh Jr. in *Williams v. NHC Healthcare/Kennett, LLC, et al.*, No. 1:23-cv-00157-SNLJ (E.D. Mo. Mar. 1, 2023) denying nearly identical motions.  [Docs. 20, 20-1].  The Amended Complaint in *Williams*, which was also filed by counsel representing Plaintiff herein, is substantially similar to the Complaint in this case.  Two of the three defendants herein are also defendants in *Williams*.  The Order in *Williams* was issued less than three weeks before the motions were filed in this case.  While Defendants acknowledge the similarities between the two cases, they insist that the allegations in this matter are insufficient as a matter of law.  [Doc. 21].

---

Defendant NHC HealthCare-Maryland Heights LLC, Plaintiff's Complaint is devoid of any allegations of control sufficient to meet the standard laid out in Missouri precedent." [Doc. 11, ¶ 25].

4

Here, like the Amended Complaint in *Williams*, the Complaint is not vague or ambiguous; nor is it unintelligible.  The allegations against the Defendants are pled with sufficient clarity that Defendants can frame a responsive pleading. Defendants have fair notice of what the claims are and the grounds upon which the claims rest.  The motions are, therefore, denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions for more definite statement, [Docs. 11, 12], are **DENIED**.

Dated this 14th day of January,  2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE